UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PASCUAL ROSARIO ABREU,

Petitioner,

v. Case No.: 2:26-cv-2672-SPC-KRH

DAVID VENTURELLE *et al.*,

Respondents.

_______________________________/

**OPINION AND ORDER**

Before the Court are Pascual Rosario Abreu's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Rosario Abreu is a noncitizen in immigration detention. On September 3, 2026, this Court granted his first habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court orders the Respondents to bring Petitioner before an immigration judge for an individualized bond hearing within ten days of the date of this Order. The hearing must include--and the resulting order must reflect--consideration of the factors set forth in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof. If Respondents are unable to ensure Petitioner receives a bond hearing that complies with this Order within ten days, they must release him under reasonable conditions of supervision.

(M.D. Fla. Case No. 2:26-cv-2414-SPC-KRH, Doc. 7).

Immigration Judge Frank Pimentel conducted a bond hearing on September 9, 2026, and denied bond with this order:

> Respondent was ordered removed from the United States on 2/2/26 and evidently filed a NOA, which remains pending. There is no evidence before the Court to support a belief that Respondent's appeal will be successful. Accordingly, there is no reason to believe that Respondent has any relief available to him and every reason to believe that Respondent's order of removal will become final instanter. As a result, he is a flight risk in that he would have no incentive to comply with a final order of removal if released. In addition, Respondent concedes that he was repatriated by the U.S. Coast Guard at sea in 2018. See Matter of A-L-S-, 28 U&N Dec. 794 (BIA 2026).

(Doc. 5-1 at 1. Rosario Abreu argues the bond hearing did not comply with the Court's order, and the government concedes that Judge Pimentel's order does not reflect consideration of the *Guerra* factors. Because Rosario Abreu did not receive a bond hearing that complied with the Court's prior habeas order, he is entitled to the alternative relief—release from custody.

Accordingly, it is

**ORDERED**:

Pascual Rosario Abreu's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

1. The respondents shall release Rosario Abreu within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.
2. The Clerk shall terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record